# SUPERIOR COURT OF BALTIMORE CITY

Filed March 24, 1891.

## WILLIAM P. KIRK
## VS.
## CHARLES R. BETTS.

*Thomas R. Clendinen* for plaintiff.
*James H. Preston* for defendant.

STEWART, J.—

This suit is against the endorser of a promissory note, who seeks to avoid its payment because the notary public who protested the note was appointed under a law which was passed in violation of the provisions of the Constitution.

The Court of Appeals has decided that a legislative act should not be pronounced unconstitutional or invalid in a doubtful case; it is only when it manifestly infringes some provision of the fundamental law, that a Court would be justified in declaring it void. The Public General Laws, Art. 68, sec. 1, authorizing the Governor to appoint notaries public, says there shall not be at any time more than twelve notaries appointed and commissioned to reside within the City of Baltimore, one of who shall be conversant with the German language.

The Act of 1890, chapter 71, approved February 28, 1890, which took effect from the date of its passage, is entitled "An act to authorize the Governor to appoint four additional notaries public of Baltimore City." The contention on the part of the defendant is, that the last mentioned law is in contravention of that clause of Section 29 of Article 3 of the Constitution which directs that the General Assembly, in amending any

article or section of the Code of Laws of this State, to enact the same as the said article or section would read when amended. As the Act of 1890 does not profess to be amendatory of the Code, it is difficult to perceive how it contravenes the above-mentioned provision of the Constitution.

The Appellate Court has been so lenient in regard to the shortcomings of the legislature, that it is difficult to say what provision, if any, in Section 29 is mandatory; other clauses in the said section are said to be merely directory, and under the reasoning of the Court, it would hardly be proper to place a different construction on the clause in question, from that which has been placed upon the others. To render an endorser on a promissory note liable to the holder it is not absolutely necessary that the note should be protested by a notary.

A demand on the maker by the holder would be equally efficacious. If it be proved that the demand for payment was made, and the maker refused payment at the maturity of the note, and the facts were at once communicated by the holder to the endorser, it is all that is necessary to bind him. The declaration sets forth that the note was dishonored and protested, whereof the defendant had due notice, but did not pay the same.

The fact that the note was dishonored is shown by the protest. There is no evidence, however, that the defendant had notice of the protest. There is an agreement filed in this case to the effect that the notice of protest and demand was never actually received by the said defendant. The protest states that notice to Chas. R. Betts was sent to No. 10 South street. Why it should have been sent there is not apparent.

It may have been the residence or the place of business of Chas. R. Betts, or it may have been the place where he usually received his mail; but there is no evidence which would gratify the Court in drawing a conclusion that it was the proper place to address a protest to him, or he would have received it.

In fact there is no evidence that Betts' resides or does business in Baltimore, and assuming that the Court could construe the notice of protest as meaning that it was mailed No. 10 South street, *Baltimore*, it could go no further and decide, without evidence, that such address was proper. Independent of the question as to the constitutionality of the law under which the notary was appointed, there could be no recovery in this suit for lack of evidence and the verdict must be for the defendant.